IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANNA-LISA SERRETTE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SERVCORP US HOLDINGS, INC. <br><br> Defendant. | Civil Action No. _____ <br><br> COLLECTIVE ACTION (JURY TRIAL) |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Anna-Lisa Serrette, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), files this Original Complaint against Defendant Servcorp US Holdings, Inc. ("Servcorp" or "Defendant") and in support thereof would show as follows:

### I. INTRODUCTION

1. Plaintiff brings this collective action to recover overtime compensation, liquidated damages, attorneys' fees, litigation expenses, costs of court, pre-judgment and post-judgment interest and injunctive relief through the date of judgment in this matter under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Plaintiff brings an individual claim against Servcorp under the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

3. Plaintiff demands a jury trial.

## II. PARTIES

**A. PLAINTIFF**

4. From approximately October 10, 2016, to approximately November 17, 2016, Defendant employed Plaintiff within the meaning of the FLSA as an executive assistant in Houston, Texas. Plaintiff contemporaneously files her Notice of Consent and incorporates it herein.

*Collective Action Members*

5. The collective action members are those employees similarly situated to the Plaintiff as defined herein.

**B. DEFENDANT**

6. Servcorp is a Delaware corporation that conducts business in the state of Texas. Pursuant to Fed. R. Civ. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. Servcorp may be served by serving its registered agent for service of process: National Corporate Research, Ltd., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

7. Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

8. At all relevant times to this action, Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. § 203(d) and constitutes an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

9. Even if ServCorp was not covered by the FLSA's overtime provisions, which it is, it would not deprive the Court of jurisdiction over the retaliation claim in this case because the

lack of individual or enterprise coverage for an overtime claim does not defeat a retaliatory discharge claim under 29 U.S.C. § 215 (a)(3).

### III. JURISDICTION AND VENUE

10. Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

11. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b), because among other reasons, Defendants are residents of and are doing business in this district and division; Plaintiff worked for Defendant in this district and division, including Harris County, Texas; and a substantial part of the events giving rise to the claims occurred in this district and division, including Harris County, Texas.

### IV. FACTUAL BACKGROUND

12. ServCorp is the world's leading provider of executive serviced offices, virtual offices and IT and business infrastructure solutions operating in 53 cities across 22 countries.

13. ServCorp's Annual Report for 2016 published company profits at $35.1 million in the United States.

14. At all times relevant to this action, Defendant has been subject to the requirements of the FLSA.

15. In the United States, ServCorp employs hundreds of individuals to operate its business in California, Florida, Georgia, Illinois, Massachusetts, New York, Pennsylvania, Texas, and Washington D.C.

16. The operations of Defendant's offices or locations, and the wages and compensation of Plaintiff and all others similarly situated at each of Defendant's offices or locations, are substantially similar, if not identical.

17. In approximately October 2016, ServCorp hired Plaintiff as an executive assistant in Houston, Texas.

18. ServCorp misclassified its executive assistants, including Plaintiff, as exempt under the FLSA.

19. Defendant compensated Plaintiff on a salary basis of $50,000 per year paid in semi-monthly intervals.

20. Defendant did not compensate Plaintiff with overtime compensation and time and one half her regular rate of pay for all hours worked over 40 in a workweek.

21. As an executive assistant, Plaintiff's duties included, but were not limited to, the following: (1) conducting daily "happy calls" to clients concerning customer satisfaction; (2) scanning, copying and faxing documents for clients; (3) completing expense reports and daily charge reports; (4) charging clients for their use of the snack bar; (5) organizing daily bank receipts; (6) updating client bookings; (7) terminating clients and their parking; (8) ordering supplies; (9) redirecting and accepting mail for clients; (10) taking clients on tours of the office space; (11) ordering food for client meetings; (12) cleaning the kitchen and boardroom after client meetings; (13) stocking the refrigerator, snacks, and coffee three times per day; and (14) participating in the executive assistant call every Thursday.

22. Plaintiff is a non-exempt worker under the FLSA.

23. Plaintiff did not manage any of ServCorp's employees.

24. Plaintiff did not possess hiring or firing authority.

25. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

26. Plaintiff's executive assistant duties were clerical in nature.

27. Defendant is required to pay its executive assistants, including Plaintiff, overtime compensation at one and one half times their regular rates of pay for all hours worked over 40 hours per work week.

28. Plaintiff regularly worked over 40 hours per work week while employed by Defendant.

29. Plaintiff was a full-time employee of Defendant who was *scheduled* to work over 40 hours per workweek - Monday through Friday from 8:15 a.m. to 5:30 p.m – without overtime compensation for all hours worked over 40 per workweek.

30. Upon Servcorp's direction, supervision, and knowledge, Plaintiff regularly came into the office to perform work before and after her scheduled shifts.

31. Upon Servcorp's direction, supervision, and knowledge, Plaintiff regularly worked through portions of her lunch assisting customers and answering phone calls.

32. ServCorp required that Plaintiff attend monthly staff meetings that occurred after the close of business and lasted several hours at a time.

33. For example, on October 27, 2016, ServCorp required that Plaintiff work her regular schedule and then attend an after-hours staff meeting from 5:30 p.m. to 9:00 p.m.

34. Plaintiff worked overtime hours during every week of her employment with Defendants including, but not limited to, the week of October 27, 2016, where Plaintiff worked approximately 50 hours without overtime compensation.

35. Servcorp's policy and/or practice was to not pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over 40 in a workweek as required by the FLSA.

36. ServCorp does not maintain a timekeeping system for its employees.

37. Defendant failed to maintain accurate records of the time worked by Plaintiff as required by the FLSA.

38. Defendant terminated Plaintiff on November 17, 2016, after Plaintiff questioned her team lead, Dana Alves, about whether Plaintiff would be paid overtime compensation for the hours she worked during the after-hours monthly staff meetings.

39. The conduct of Defendants, as set out above, has been willful and in bad faith, and has caused significant damages to Plaintiff.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

40. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

41. Plaintiff seeks to represent a FLSA collective class of similarly situated individuals defined as follows:

> All current and former full-time executive assistants who were employed by Servcorp during the three years preceding the filing of this suit through the date of disposition, were misclassified as exempt employees and worked more than 40 hours in any workweek within the relevant time period without receiving overtime compensation at one and one half times their regular rate of pay for all hours worked in excess of 40 hours (hereinafter, "FLSA Collective Action").

42. Other employees have been victimized by the pattern, practice, and policy of Defendant that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendant has been imposed on other similarly situated workers and seeks to send notice to such other aggrieved employees to give them an opportunity to join this action. Plaintiff requests that Defendant provide the name, address, phone number, job title, and dates of employment for all members of the FLSA collective action, so that notice may promptly issue to these similarly situated employees.

43. Defendant misclassified Plaintiff and all other similarly situated employees as exempt from the overtime provisions of the FLSA.

44. Plaintiff and all others similarly situated regularly worked over 40 hours during workweeks within the relevant time period without receiving overtime compensation at time and one half their regular rates of pay.

45. Plaintiff and all others similarly situated shared common job duties and responsibilities as executive assistants. Thus, Plaintiff's experiences are typical of the experience of Servcorp's other executive assistants.

46. Servcorp promulgates compensation policies and practices that uniformly violate the wage and hour rights of a collective group of similarly situated executive assistants by misclassifying them as exempt employees under the FLSA.

47. With respect to executive assistants, Servcorp uses the same or very similar job description, job qualifications, operating policies, human resources policies, job functions and pay practices at all Servcorp business locations nationwide.

48. Servcorp's business operations, and the job duties, working conditions, wages, and compensation of Plaintiff and all other executive assistants are substantially similar, if not identical, at all of Servcorp's locations throughout the country.

49. Plaintiff brings these claims on her own behalf and on behalf of all other similarly situated executive assistants who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Servcorp.

50. Plaintiff requests that Servcorp fully identify all other similarly situated in order that proper notice of their right to consent to participation in this collective action may be distributed.

51. Plaintiff seeks to represent those similarly situated individuals who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

52. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

53. Plaintiff will fairly and adequately represent and protect the interests of those who are similarly situated.

54. No exemption applies to Plaintiff and members of the FLSA Collective Action.

## VII. CAUSES OF ACTION

### COUNT 1 – OVERTIME VIOLATIONS OF THE FLSA

55. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

56. Plaintiff and all other similarly situated executive assistants were misclassified as exempt employees and were not paid proper overtime wages for all hours worked over forty in a workweek during the relevant time period.

57. Servcorp has violated the FLSA by failing to pay Plaintiff and all other similarly situated executive assistants overtime compensation at a rate of one and one half times their regular rates of pay for all hours worked in excess of 40 hours per workweek.

58. Servcorp has not made a good faith effort to comply with the FLSA.

59. Servcorp's conduct was willful within the meaning of 29 U.S.C. § 255(a).

60. In further violation of the FLSA, Servcorp has failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and by all other similarly situated employees.

61. Servcorp knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation owed to Plaintiff and all other similarly situated employees.

62. Plaintiff, individually and on behalf of members of the FLSA Collective Action, seeks recovery of all unpaid wages and compensation and benefits, liquidated damages, pre-judgment and post judgment interest, attorneys' fees, litigation expenses and costs to be paid by Defendant, as well as declaratory or injunctive relief.

## COUNT 2 – RETALIATION UNDER THE FLSA

63. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

64. Plaintiff brings an individual claim against Servcorp for retaliation under the FLSA.

65. The FLSA prohibits all forms of retaliation, providing that it is unlawful to "discharge or in any other manner discriminate against any employee" for invoking his rights under the law. 29 U.S.C. § 215(a)(3). Consistent with the aim of the FLSA, courts have broadly interpreted Section 215(a)(3) to protect activities beyond those expressly enumerated. The United States Supreme Court has held that an informal complaint – even an oral complaint – about not receiving overtime pay is protected activity. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1329 (2011) ("We must decide whether the statutory term 'filed any complaint' includes oral as well as written complaints within its scope. We conclude that it does.").

66. The employee is not required to be engaged in activities covered by the FLSA's overtime provisions. Even if an employer's pay practices do not violate the FLSA, the employer

can be held liable for retaliation against an employee who merely in good faith believes the employer's practices violate the FLSA and complains.

67. Where a motivating factor in the termination is an employee's assertion of rights under the FLSA, the termination is discriminatory whether or not other grounds for termination exist. To make a *prima facie* case of retaliatory discharge, a plaintiff must make a showing of: (1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. *Hagan v. Echostar Satellite, L.L.C.,* 529 F.3d 617, 624 (5th Cir. 2008).

68. Close temporal proximity between a complaint and termination can be used to prove the aforementioned causal link. *See Cantu v. Vitol, Inc.,* Civil Action No. H-09-0576, 2011 WL 486289, at *10 (S.D. Tex. Feb. 7, 2011) (Rosenthal, J.) (noting that "the Fifth Circuit has found temporal proximity of up to four months sufficient to show a causal link.").

69. When an employee, such as Plaintiff, inquires as to whether she would be paid overtime compensation as provided for by the FLSA, that employee is protected from employer retaliation by law.

70. On November 17, 2016, Plaintiff made a protected inquiry related to the FLSA in which she sought compensation for unpaid overtime that she reasonably and in good faith believed she was entitled to under the FLSA. As such, her inquiry constituted protected activity under 29 U.S.C. § 215(a)(3), meaning that Servcorp was legally prohibited from retaliating against her for the inquiry.

71. On November 17, 2016, shortly after Plaintiff inquired whether she would receive overtime compensation for the hours she worked over 40 in a workweek, Dana Alves, terminated the Plaintiff.

72. Under the FLSA, Plaintiff is entitled to reinstatement, back-pay, liquidated damages, and attorney fees.

## VIII. JURY DEMAND

73. Plaintiff hereby demands a trial by jury.

## PRAYER

WHEREFORE Plaintiff, individually and on behalf of FLSA Collective Action members, respectfully prays to recover the following:

a. an order preliminarily and permanently restraining and enjoining Defendant from engaging in the aforementioned pay violations;

b. an order certifying this action as a collective action and issuing notice to all FLSA Collective Action members;

c. damages and restitution for all unpaid wages (including fringe benefits, and bonuses), unpaid overtime compensation (at time and one-half), and other injuries, as provided by the FLSA;

d. liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;

e. reinstatement, back-pay, liquidated damages, and attorneys' fees violation of the FLSA's anti-retaliation provision;

f. all applicable penalties for the violations set forth herein;

g. an award of reasonable attorney's fees, litigation expenses, and expert fees and costs incurred in vindicating the rights of Plaintiff and the collective action members;

h. an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

i. such other and further relief, at law or in equity, as this Court deems just and appropriate.

Respectfully submitted,

By: */s/ Genevieve B. Estrada*
　　Genevieve B. Estrada
　　State Bar No. 24087481
　　S.D. Id. No. 2158369
　　BRUNSWICK LAW FIRM, PLLC
　　2425 West Loop South, Suite 200
　　Houston, Texas 77027
　　Telephone: (210) 273-1137
　　genevieve@brunswicklawfirmpllc.com

　　-AND-

　　*/s/ Ahad Khan*
　　Ahad Khan
　　State Bar No. 24092624
　　S.D. ID No. 2981398
　　712 Main Street, Suite 900
　　Houston, Texas 77002
　　Telephone: (713) 401-3558
　　ak@ahadkhanlaw.com

　　**ATTORNEYS FOR PLAINTIFF AND MEMBERS OF THE PUTATIVE COLLECTIVE ACTION**